**Cecilia Angkawidjaja PACQUIAO;
Teodorico Pacquiao,
Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 05–70699.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 2, 2009.*

Filed Oct. 16, 2009.

Cecilia Angkawidjaja Pacquiao, Las Vegas, NV, pro se.

John D. Lee, Las Vegas, NV, for Petitioners.

Teodorico Pacquiao, Las Vegas, NV, pro se.

District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Petitioners seek review of a final decision by the Board of Immigration Appeals (BIA), denying their motion for reconsideration of the BIA's refusal to adjudicate their third motion to reopen their removal proceedings. We deny the petition for review.

**DISCUSSION**

"[A]n alien who is subject to a final order of removal is limited to one motion to reopen the removal proceedings...." *Chen v. Mukasey,* 524 F.3d 1028, 1030 (9th Cir.2008) (citing 8 U.S.C. § 1229a(c)(7)(A)). There is an exception, however, that permits successive motions alleging "changed country conditions." *Id.* at n. 2 (citing 8 C.F.R. § 1003.2(c)(3)). Based on that exception, the BIA reviewed the merits of petitioners' first two motions to reopen. The BIA refused, however, to review the merits of the third motion to reopen because it did not allege changed country conditions and was thus numerically barred.

We conclude the BIA did not err. *See Minasyan v. Mukasey,* 553 F.3d 1224, 1227 (9th Cir.2009) (noting standard of review for purely legal questions). There is no merit to petitioners' argument that their prior motions to reopen should not be counted for purposes of applying the numeric bar to their third motion to reopen.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.